**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jane Doe (a ficticious name) c/o Laffey, Bucci & Kent 1100 Ludlow Street, Suite 300 Philadelphia, PA 19107 <br>           Plaintiff, <br><br>    v. <br><br> LOYALSOCK TOWNSHIP SCHOOL DISTRICT 1605 Four Mile Drive Williamsport, PA 17701; and JOHN and JANE DOE #1-#10 (ficticious names), whose true identities are currently unknown to Plaintiff, <br><br><br>         Defendants. | **CIVIL ACTION NO. _____** <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Jane Doe, by and through her undersigned counsel Laffey, Bucci & Kent LLP, hereby brings the following Complaint before this Honorable Court and avers the following in support thereof:

## JURISDICTIONAL STATEMENT

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over any civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

2.     This Court has supplemental subject matter jurisdiction over all related state claims herein pursuant to 28 U.S.C. § 1367, which gives the federal district courts jurisdiction over all other claims related to claims in the action by which the Court has original jurisdiction that are arising out of the same case or controversy under Article III of the United States Constitution.

3.     Plaintiff brings this action to redress a hostile educational environment where Plaintiff was subject to sexual harassment and has standing to bring forth her claim pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, as set forth more fully herein.

4.     Plaintiff also seeks redress under the Pennsylvania common law theories of negligence and negligence per se against the Defendant.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since the defendant resides in this district and the events giving rise to the claims occurred in this district.

## PARTIES

6.     Plaintiff, Jane Doe, is an adult female whose name and address is not contained in this Complaint so as to protect her privacy and identity as she incurred injuries and damages of a sensitive nature as a minor child as a result of the intentional and negligent acts and failures of Defendant, Loyalsock Township School District and Jane and John Does #1-#10, outlined below. Information which would or could identify Jane Doe is not contained herein. Plaintiff may be contacted through her counsel as outlined herein.

7.     Plaintiff was a student at Loyalsock Township Middle School when she was groomed and eventually repeatedly sexually assaulted by Kelli Vassallo, her basketball

coach and an agent, servant, employee, and/or representative of Defendant Loyalsock Township School District.

8.     Defendant, Loyalsock Township School District (hereinafter "Loyalsock") is a school district organized pursuant to the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 1-101, *et seq.*, and maintains an office at 1605 Four Mile Drive, Williamsport, PA 17701. Loyalsock operates Loyalsock Township Middle School and Loyalsock Township High School, schools from which Plaintiff Jane Doe graduated and where Kelli Vassallo was employed as a middle school girls' basketball coach.

9.     At all relevant times hereto, Defendant Loyalsock was acting by and through their duly authorized actual and/or apparent agents, servants and employees, in particular, their principals, vice principals, school board, school board presidents, teachers, staff, supervisors, and/or team coaches and/or activity coordinators, acting within the course and scope of their actual and/or apparent agency and/or employment.

10.    At all relevant times, Defendant Loyalsock was the recipient of Federal Financial Assistance.

11.    Defendants Jane and John Does #1 through #10 are currently unknown by actual name after a reasonable search with due diligence. Defendants Does #1-#10 are believed and averred to have exposed Plaintiff to undue risk and actual harm by putting her in a situation where she could, and ultimately would, be sexually assaulted by an agent/employee of Loyalsock and who knew or should have known of the dangers posed by said agent/employee. Defendants Does #1-#10 include, but are not limited to,

administrators, school board members, teachers, counselors, former employers and/or charged agents/employees of Defendant Loyalsock.

## FACTUAL HISTORY

12.    This lawsuit is about an educational institution that had special responsibilities and obligations to protect the most innocent among us—children and students—from sexual abuse and the complete and abject failures of that same educational institution to fulfill those responsibilities and obligations. Loyalsock Township Middle School and Loyalsock Township High School—schools operated and administered by Defendant Loyalsock—failed in their most basic legal and moral duties to guard against a predator sexually abusing a minor. Defendant Loyalsock failed in a myriad of ways including, but not limited to, not properly vetting their staff, including the predator, Kelli Vassallo; not properly training and/or supervising their staff; negligently retaining staff they knew or should have known were sexually abusing multiple students; failing to recognize clear and obvious signs of grooming behaviors by staff; failing to investigate reports of concerning and/or criminal behavior; and failing to have in place any legitimate measures to protect against an athletic coach sexually abusing students, the very thing that happened to the Plaintiff in this suit. Defendant elected to stick its head in the sand and, as a result, exposed thousands of vulnerable students to a predator—a predator that struck more times than can be counted.

13.    Kelli Vassallo, who has since been convicted of multiple crimes related to her sexual abuse of two female students, was, at all relevant times, acting in the course and scope of her employment as a staff member and athletic coach at Loyalsock when she openly seduced, coerced, groomed, and manipulated Plaintiff. Vassallo engaged in a

carefully orchestrated, yet easily discernable plot to control Plaintiff's personal thinking and belief systems so that she could engage in illicit and illegal sexual activity with her. The Defendant's continued failure to act allowed Vassallo to continue her manipulation and abuse of Plaintiff, resulting in severe and permanent injuries to Plaintiff.

14.     Upon information and belief, Kelli Vassallo was hired by Defendant Loyalsock to be a coach for the Loyalsock Middle School girls' basketball team some time during or prior to 2013. During Vassallo's tenure at Loyalsock, Plaintiff was a student at Loyalsock Middle School and then Loyalsock High School. Plaintiff first came into contact with Vassallo when Plaintiff was in seventh grade and a member of the girls' basketball team at Loyalsock Middle School. Plaintiff was coached by Vassallo while she was a member of that team. At all relevant times, Vassallo was also employed as a sixth-grade teacher at Curtin Intermediate School in an adjacent school district, Williamsport Area School District.

15.     In the summer of 2013, Plaintiff experienced a serious personal problem: her very close friend was suicidal. The head coach of the Loyalsock Middle School girls' basketball team suggested that Plaintiff talk with coach Vassallo about this personal problem. Plaintiff then confided in Vassallo. Plaintiff came to Vassallo in a time of need, divulged an extremely private problem to her, and entrusted Vassallo to provide advice, support, and comfort. Moreover, Vassallo was held out as a person Plaintiff could trust when Plaintiff was instructed to seek out and rely on Vassallo's counsel. This event was the beginning of Vassallo's inappropriate relationship with Plaintiff. This incident triggered Vassallo to escalate contacts with Plaintiff and begin a pattern of grooming.

16.     Over the following few months and into the beginning of Plaintiff's eighth-grade year at Loyalsock Middle School, Plaintiff and Vassallo were in regular, if not constant contact with one another. Vassallo would regularly send texts messages to Plaintiff. Vassallo, at the time a thirty-three (33) year-old woman, would invite Plaintiff, then a thirteen (13) year-old child, over to her home to watch television, do schoolwork, and generally spend unsupervised time alone together. The two would go to the mall, eat dinner, run errands, and even have sleepovers together. Vassallo would also regularly drive Plaintiff to and from school and sports practices and games. All of this was done by Vassallo in an effort to cultivate a personal, intimate, and dependent relationship with Plaintiff.

17.     In September of 2013, Plaintiff was sexually abused by Vassallo for the first time. Plaintiff and Vassallo were at Vassallo's home, sitting on the couch, when Vassallo told Plaintiff that she "had feelings" for her. Vassallo then kissed Plaintiff, a child, on the lips.

18.     In the following weeks, Vassallo escalated her sexual abuse of Plaintiff. Vassallo began touching and kissing Plaintiff's breasts, stomach, and then vagina. Eventually, Vassallo went so far as to digitally penetrate Plaintiff's vagina.

19.     This egregious abuse became a regular occurrence and continued for the entirety of Plaintiff's eighth grade year at Loyalsock Middle School and well into the summer of 2014, before her freshman year at Loyalsock High School.

20.     However, Plaintiff was by no means the first victim of Vassallo. In fact, Vassallo is known to have sexually abused at least one other female student, Female Victim #1, who attended Loyalsock High School beginning in 2007 until her graduation in 2011.

21.     Female Victim #1 met Vassallo when she was sixteen (16) years old and a student at Loyalsock High School. Vassallo spent time grooming this impressionable young girl as well: going out to dinner or seeing movies together; helping her with homework; teaching her how to drive; constantly contacting her via text or social media; and doing whatever else she could to isolate Female Victim #1 and cultivate a relationship of dependency and intimacy. That relationship turned physical in the summer of 2009 when Female Victim #1 was seventeen (17) years old. Vassallo began by kissing Female Victim #1, a child, which escalated to Vassallo digitally penetrating Female Victim #1, and ultimately, Vassallo's rape of Female Victim #1. This sexual and intimate relationship lasted even after Female Victim #1 turned eighteen and graduated from Loyalsock. However, based upon information and belief, Vassalo's inappropriate and criminal relationship with Female Victim #1 terminated before Vassallo began sexually abusing Plaintiff in 2013.

22.     While employed at Loyalsock, Kelli Vassallo earned a reputation for acting inappropriately with female students due to her behavior surrounding Female Victim #1, Plaintiff, and other girls in the care and supervision of Loyalsock. At all relevant times, Vassallo was supervising Plaintiff in her role as an athletic coach on the girls' basketball team and staff member at Loyalsock Middle School.

23.     Vassallo's inappropriate relationship with Plaintiff was known to the staff and administration of Loyalsock. There were numerous instances where Vassallo was directly observed to be inappropriately interacting with female students and, in particular, Plaintiff. Coaches, teachers, and school administrators all knew or had reason to know that Vassallo was in constant contact with Plaintiff, as Vassallo would regularly pick Plaintiff

up at school, take Plaintiff to and from basketball practice, and that Plaintiff would spend evenings and weekends with Vassallo at Vassallo's home. Vassallo exhibited this behavior—continually finding ways to be alone with Plaintiff after school and other times when there would be no reason for her to be alone with a student—in order to spend an inordinate and inappropriate amount of time with Plaintiff.

24.     When Plaintiff disclosed the specifics of Vassallo's abuse to a teacher at Loyalsock High School, that Loyalsock employee and another teacher at Loyalsock informed Plaintiff that they both had suspicions regarding Vassallo's relationship with Plaintiff and other female students. Moreover, when the principal of Loyalsock High School was informed of the specifics of Vassallo's sexual abuse of Plaintiff, he indicated that he "had a feeling" about Vassallo and became upset because his daughters were also coached by Vassallo. The principal then indicated to Plaintiff that he hoped she would not resent him because, in his misguided opinion, he did everything he could to prevent Vassallo from preying on children she supervised as a coach and employee at Loyalsock Middle School.

25.     Furthermore, upon information and belief, a Loyalsock school counselor received a report of Vassallo's inappropriate behavior with Female Victim #1 some years prior to Plaintiff ever even attending Loyalsock High School—perhaps as early as 2010. Upon information and belief, that report was made in connection with a call to Child Line by a third party. Upon information and belief, the Loyalsock school counselor indicated she would take further action to investigate, report, and rectify any wrongdoings committed by Vassallo at Loyalsock. However, no further action was taken. Thus, Vassallo's violation

of Plaintiff's childhood innocence was condoned, approved, ratified, and effectively authorized by Defendant Loyalsock.

26.     It is believed and therefore averred that teachers and administrators at Loyalsock knew and/or should have known that Vassallo was engaging in illegal and inappropriate sexual acts with Plaintiff.

27.     In December 2016, Vassallo was arrested for sexually abusing Plaintiff and Female Victim #1. Vassallo pled guilty to felony institutional sexual assault and misdemeanor corruption of minors for the sexual abuse of Plaintiff and Female Victim #1. The Honorable Marc F. Lovecchio presided over the case. Of the Plaintiff and Female Victim #1, Judge Lovecchio said: "To say that they were betrayed is too kind a word. Betrayal can't properly reflect the pain, the desperation, the loneliness, the confusion that they had to undergo as a result of this."

28.     At all relevant times, Vassallo was a servant and/or agent of Defendant Loyalsock. Accordingly, Loyalsock is liable vicariously and derivatively for the acts of Vassallo under theories of respondeat superior, master-servant, agency, and/or right of control.

29.     Defendant Loyalsock is directly and vicariously liable to Plaintiff for injuries sustained as a result of negligence, gross negligence, outrageous conduct, and reckless misconduct, as described further herein, of persons or entities whose conduct was under their control, or right to control which conduct directly and proximately caused Plaintiff's injuries.

30.     With respect to Plaintiff, the conduct on the part of Kelli Vassallo herein described, for which Defendant is vicariously liable, would constitute an offense, or a

solicitation thereto, under 18 Pa. C.S.A. § 3122.1; 18 Pa. C.S.A. § 3123; 18 Pa. C.S.A. § 3124.1; 18 Pa. C.S.A. § 3124.2; 18 Pa. C.S.A. § 3125 and/or 18 Pa. C.S.A. § 3126. The resulting injuries to Plaintiff were caused by the negligent actions and/or omissions of the Defendant.

31.     Defendant Loyalsock, through its agents, knew or should have known in the exercise of reasonable care and supervision that Vassallo was engaging in the abuse of Plaintiff and intervened to either prevent the abuse, prevent her access to children, or terminate her from the faculty and coaching staff.

32.     Despite concerns and/or reports over Vassallo's conduct with minor female students, Loyalsock never investigated Vassallo or reported her to any authorities. Loyalsock did nothing to warn future employers or even Vassallo's concurrent employers, Williamsport Area School District, that Vassallo was a predator. Instead, Loyalsock let Vassallo loose to continue working with, and to sexually abuse, minors in school settings.

33.     Additionally, despite indications that Vassallo had an inappropriate relationship with another student at Loyalsock High School, Defendant did nothing to properly investigate her background before permitting her to coach young girls at Loyalsock Middle School.

34.     At all times relevant hereto, Defendant Loyalsock was acting by and through its employees, servants, and agents, in the operation of Loyalsock Middle School and Loyalsock High School, and the hiring, admitting, assigning, retaining, and supervising of teachers, coaches, staff, and faculty members therein. Accordingly, the Defendant is liable vicariously and derivatively for the negligent acts and omissions of these employees, servants, and agents while engaged in the operation of Loyalsock Middle School and

Loyalsock High School and the hiring, admitting, assigning, retaining, and supervising of teachers, coaches and faculty members, including Vassallo, therein under theories of respondeat superior, master-servant, agency, and/or right of control.

35.     As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

36.     As a direct and proximate result of the sexual abuse by Vassallo, Plaintiff suffered physical and emotional injuries, as more fully set forth in this Complaint. As a result of the abuse by Vassallo, Plaintiff was severely mentally, psychologically, and emotionally damaged. Plaintiff sustained severe psychological and emotional distress, including suicidal ideation. Plaintiff struggled in her relationship with her mother, intimate relationships with romantic partners, and was prevented from having normal friendships and social experiences with peers during high school and thereafter.

37.     Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, sleeplessness and nightmares, physical manifestations of emotional distress, embarrassment, loss of appetite, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. The significant emotional and psychological injuries sustained by Plaintiff dramatically transformed her personality. Throughout her

life since the abuse, Plaintiff has struggled with symptoms of post-traumatic stress disorder. As a result of these problems Plaintiff has suffered extreme difficulty in interpersonal relationships, among other problems.

38.    All of the above physical, psychological, and emotional injuries were proximately caused by the negligence, carelessness, recklessness, and other tortious and outrageous acts or omissions of Defendant Loyalsock as set forth in this Complaint. Plaintiff's injuries were caused solely by the negligence of Loyalsock as set forth more fully herein and were not caused or contributed thereto by any negligence on the part of Plaintiff.

39.    This matter is being brought within the statute of limitations pursuant to 42 Pa. C.S.A. § 5533(b) and pursuant to the laws of the United States of America and the Commonwealth of Pennsylvania, including 42 Pa. C.S.A. § 8542(b)(9).

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972**</u>
<u>**(20 U.S.C. § 1681(a))**</u>

40.    Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

41.    Title IX of the Education Amendments of 1972, 20 U.S.C.S. § 1681 *et seq.*, provides, in relevant part, that no person in the United States, shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance.

42.    If a funding recipient does not engage in harassment directly, it may not be liable for damages unless its deliberate indifference subjects its students to harassment.

43.     A federal funding recipient may be held liable for the harassment of a victim when the recipient exercises substantial control over the harasser and the context in which the harassment occurs. For example, if the continued harassment occurs on school grounds, within the context of a school-related function, or otherwise while in the course and scope of the harasser's employment at the federal funding recipient.

44.     While a recipient school cannot be held vicariously liable for the specific acts of sexual harassment or violence, they can instead be held liable under Title IX for their own conduct.

45.     Sexual harassment is a form of discrimination for purposes of Title IX of the Education Amendments of 1972, 20 U.S.C.S. § 1681 *et seq.*, and Title IX proscribes harassment with sufficient clarity to serve as a basis for a damages action. Moreover, an implied private right of action exists under Title IX of the Education Amendments of 1972, 20 U.S.C.S. § 1681 *et seq.*, and money damages are available in such suits.

46.     Upon information and belief, Loyalsock Township School District is a recipient of federal education funding.

47.     As stated above, beginning in the summer of 2013, Vassallo, while employed by Loyalsock as a basketball coach, began grooming Plaintiff Jane Doe, one of her students on the Loyalsock Middle School girls' basketball team.

48.     Vassallo exhibited inappropriate behavior with Plaintiff while on Loyalsock school grounds and while acting in the context of her role as Plaintiff's basketball coach.

49.     Vassallo began sexually assaulting Plaintiff at Vassallo's home in September of 2013. This abuse occurred regularly over the course of Plaintiff's eighth

grade year at Loyalsock Middle School and into the summer before Plaintiff began her freshman year at Loyalsock High School.

50. Vassallo's inappropriate relationship with Plaintiff was known to the staff and administration of Loyalsock. There were numerous instances where Vassallo was directly observed to be inappropriately interacting with female students and, in particular, Plaintiff. Coaches, teachers, and school administrators all knew that Vassallo was in constant contact with Plaintiff, that Vassallo would regularly pick Plaintiff up at school, take Plaintiff to and from basketball practice, and that Plaintiff would spend evenings and weekends with Vassallo at Vassallo's home.

51. Prior to her abuse of Plaintiff Jane Doe, Vassallo had already earned a reputation for acting inappropriately with female students due to her behavior around Female Victim #1, Plaintiff, and other girls in the care and supervision of Loyalsock.

52. Upon information and belief, Defendant Loyalsock was made aware of Vassallo's predatory and pedophilic tendencies by way of a Child Line report as early as 2010.

53. When informed of the specifics of Vassallo's sexual abuse by Plaintiff, Loyalsock teachers and administrators admitted to being aware of Vassallo's potential danger to students.

54. Defendant Loyalsock's failure to investigate Vassallo's behavior rises to the level of deliberate indifference by allowing Vassallo to retain her position as an athletic coach with unrestricted and unsupervised access to young girls.

55. The deliberate indifference, omissions, and failures to act described above caused Plaintiff to suffer sexual abuse by Vassallo.

56.     Defendant Loyalsock, by and through the acts of its employees, agents, servants, staff members, teachers, and coaches had a duty to protect the life, liberty, and property of Plaintiff Jane Doe, and because of its failure to take remedial measures with regards to the known instances of misconduct by Vassallo and remove her from any position wherein she had access to minor children, Plaintiff suffered sexual abuse.

57.     Defendant Loyalsock by and through the acts of its employees, agents, servants, staff members, teachers, and coaches failed to comply with Title IX by failing to take ANY action with regards to prior reports and observations of inappropriate conduct and/or sexual abuse by Vassallo and continued to allow her to operate in a role where she had the opportunity to prey on children and ultimately sexually assault Plaintiff Jane Doe.

58.     As a direct and proximate cause of the affirmative acts and omissions of Defendant Loyalsock and its employees, agents, servants, staff members, teachers, and coaches that rise to such a level of deliberate indifference, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

59.     Plaintiff's injuries are severe, pervasive, and objectively offensive, and as a direct result of Defendant Loyalsock's acts and omissions, Plaintiff experienced a complete loss of educational benefits and opportunities afforded to her.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs

## COUNT II
## VICARIOUS LIABILITY

60.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

61.     Vassallo engaged in unpermitted, harmful and offensive sexual conduct and contact upon the person of Plaintiff in violation of Pennsylvania State law. Said conduct was undertaken while Vassallo was an employee and agent of Defendant, while in the course and scope of employment with Defendant, and/or was ratified by Defendant.

62.     Prior to or during the abuse alleged above, Defendant knew, had reason to know, or was otherwise on notice of the unlawful sexual conduct of Vassallo. Defendant failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future by Vassallo, including, but not limited to, preventing or avoiding placement of Vassallo in functions or environments in which contact with children was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did Defendant have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives or agents to ensure they did not molest or abuse minors in the care of the Defendant.

63.     Defendant's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of Vassallo constituted a course of conduct through

which acts of sexual perversion and the violation of childhood innocence were condoned, approved, and effectively authorized.

64.    Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant ratified said actions and, accordingly, is vicariously liable for the actions of Vassallo.

65.    As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; were prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs

## COUNT III
## NEGLIGENCE

66.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

67.     At all relevant times, Defendant Loyalsock owed a duty to maintain a safe educational, athletic, and school environment for the students at Loyalsock Middle School and Loyalsock High School, specifically Plaintiff.

68.     At all relevant times, Defendant had a duty to protect and safeguard Plaintiff from hurt, harm, and danger while she was under their supervision.

69.     At all relevant times, Defendant had a duty to ensure that its employees were not sexually abusing its minor students.

70.     At all relevant times, Defendant had a duty to provide for Plaintiff's basic human needs, including the safety of her person and her educational environment.

71.     At all relevant times, Defendant knew or should have known that its agent, employee, servant, and/or staff member Kelli Vassallo was sexually abusing Plaintiff and/or a risk to sexually abuse Plaintiff.

72.     Defendant knew, had reason to know, or was otherwise on notice of the unlawful conduct of Vassallo and who failed to protect the safety of children in their school, including plaintiff. Yet Defendant failed to take reasonable steps and failed to implement reasonable safeguards to prevent acts of unlawful sexual abuse and to prevent or avoid placement of Plaintiff in functions or environments in which she would be endangered and abused.

73.     Furthermore, at no time during the periods of time alleged did Defendant have in place a system or procedure to supervise and/or monitor Vassallo to ensure that children, including Plaintiff, were not abused.

74.     Moreover, as set forth above, the incidents of abuse in Defendant's school were neither isolated nor unusual. For years, Defendant failed to reprimand, punish, report,

or otherwise sanction Vassallo, who it knew or had reason to know was a danger to children in its schools. Defendant's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of Vassallo constituted a course of conduct through which acts of sexual violence and mental torment and the violation of the sanctity of children were condoned, approved, and effectively authorized.

75. Through its failure to timely reprimand and sanction the acts referenced above, and for all of the other reasons set forth herein including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant ratified said actions and, accordingly, is vicariously liable for the actions of their individual employees, including Kelli Vassallo.

76. At all relevant times, Defendant failed to adequately and properly:

a. employ processes that screen out and/or prevent the hiring of predators such as Vassallo;

b. supervise its agents, employees, servants, staff members, teachers, coaches, and/or students including Vassallo, Plaintiff, and other individuals that knew or should have known Vassallo was sexually abusing Plaintiff;

c. train its agents, employees, servants, staff members, teachers, coaches, and/or students including Vassallo, Plaintiff, and other individuals that knew or should have known Vassallo was sexually abusing Plaintiff;

d. employ policies that screen out and/or prevent the retention of predators such as Vassallo;

e.      investigate Vassallo's background and/or information it knew or should have known during the course of his employment including that she was a predator sexually abusing female students.

77.    The negligent, reckless, intentional, outrageous, deliberately and recklessly indifferent and unlawful acts and omissions of Defendant as set forth above and herein, consisted of *inter alia*:

a.      permitting Kelli Vassallo to sexually abuse a minor student;

b.      permitting Kelli Vassallo to engage in illegal sexual conduct with a student before, during, and/or after school hours;

c.      permitting Kelli Vassallo to groom Plaintiff, including engaging in sexual conversations and/or inappropriate touching and/or sexual activity during school hours;

d.      permitting and/or allowing an environment in which Kelli Vassallo violated or engaged in conduct that would constitute violations of Pennsylvania criminal statutes prohibiting Rape (18 Pa. C.S.A. § 3121), and/or Statutory Sexual Assault (18 Pa. C.S.A. § 3122.1), and/or Involuntary Deviate Sexual Intercourse (18 Pa. C.S.A. § 3123), and/or Sexual Assault (18 Pa. C.S.A. § 3124.1), and/or Institutional Sexual Assault (18 Pa. C.S.A. § 3124.2), and/or Aggravated Indecent Assault (18 Pa. C.S.A. § 3125), and/or Indecent Assault (18 Pa. C.S.A. § 3126), and/or Corruption of Minors (18 Pa. C.S.A. § 6301), and/or Endangering the Welfare of a Child (18 Pa. C.S.A. § 4304), constituting negligence *per se*;

e.      failing to properly and adequately supervise and discipline its employees to prevent the sexual abuse that occurred to Plaintiff;

f.      failing to adopt, enforce, and/or follow adequate policies and procedures for the protection and reasonable supervision of children who attend Defendant's school, including Plaintiff, and, in the alternative, failing to implement and comply with such procedures which had been adopted;

g.      failing to implement, enforce, and/or follow adequate protective and supervisory measures for the protection of students at Defendant's school, including Plaintiff;

h.      creating an environment that facilitated sexual abuse by employees including Kelli Vassallo;

i.      failing to adopt, enforce and/or follow policies and procedures to protect minors against harmful influence and contact by its teachers, including Kelli Vassallo;

j.      violation of duties imposed by Restatement (Second) of Torts, §§ 302B, 314, 315, 317, 323, 324A, 343, 344 and 371 and Restatement (Second) of Agency § 213 as adopted in Pennsylvania;

k.      failing to warn Plaintiff of the risk of harm posed by Kelli Vassallo after Defendant knew or should have known of such risk;

l.      failing to provide Plaintiff with any assistance in coping with the injuries sustained;

m.      ratifying Vassallo's conduct;

n.      failing to warn Plaintiff of the risk of harm that Plaintiff may suffer as a result of further contact with Kelli Vassallo;

o.      failing to warn or otherwise make reasonably safe the property which Defendant possessed and/or controlled, leading to the harm of Plaintiff;

p.      failing to adopt/implement and/or enforce policies and procedures for the reporting to law enforcement, Office of Children and Youth, the Pennsylvania Department of Education, authorities within Defendant's school, and/or other authorities of harmful acts to children;

q.      failing to report Kelli Vassallo's harmful acts to authorities within Defendant's school and/or other authorities;

r.      failing to implement adequate and proper policies and/or by-laws regarding sexual abuse and/or harassment by staff and/or violating its own policies and/or by-laws regarding sexual abuse and/or harassment by staff;

s.      failing to implement adequate and proper policies and/or by-laws regarding use of computers and cell phones and communication by staff to students and/or violating its own policies and/or by-laws regarding use of computers and cell phones and communication by staff to students;

t.      violating the requirements of Pennsylvania's Child Protective Services Law, 23 § 6311(a) and (b), and/or the Educator Discipline Act, 24 P.S. §§ 2070.1 *et seq.* constituting negligence *per se*;

u.      ignoring, concealing, or otherwise mitigating the seriousness of the known danger that Kelli Vassallo posed;

v.      failing to prevent the sexual abuse that was committed by Kelli Vassallo on Plaintiff;

w.      allowing Kelli Vassallo to remain on school staff after knowing that she sexually abused a minor student;

x.      failing to properly supervise and/or discipline its employees including Kelli Vassallo;

y.      failing to adequately and properly train its employees, including Kelli Vassallo, regarding sexual abuse of students by teachers, coaches, and/or employees and the red flags and/or warning signs of grooming and/or sexual abuse; and

z.      negligently managing and/or operating Defendant's schools.

78.     As a proximate and direct result of Defendant's negligence and/or reckless conduct described herein, Plaintiff was harmed as a result and has sustained physical and emotional injuries, embarrassment, mental anguish, pain and suffering, and loss of enjoyment of life and life's pleasures.

79.     Plaintiff has been and will likely, into the future, be caused to incur medical expenses and Plaintiff may likely incur a loss of earning capacity in the future.

80.     Defendant Loyalsock knew or should have known about the severe risk of their failure to take any appropriate precautions outlined above and acted with a reckless disregard for such risk for which Plaintiff is entitled to and hereby seeks punitive damages pursuant to the requirements of Pennsylvania law.

81.     Defendant Loyalsock's actions and failures as described herein are outrageous and were done recklessly with a conscious disregard of the risk of harm to Plaintiff for which Plaintiff is entitled to and hereby seeks punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

83.     Defendant Loyalsock, by and through their contact with Plaintiff, as described above, negligently and/or recklessly committed multiple acts of extreme and outrageous conduct which caused severe emotional, psychological, and psychiatric injuries, distress, and harm to Plaintiff, which also manifested in physical injuries to Plaintiff as set forth above in an extreme, outrageous, and harmful manner.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

85.     Defendant Loyalsock by and through its contact with Plaintiff, as described above, intentionally committed multiple acts of extreme and outrageous conduct which caused severe emotional, psychological, and psychiatric injuries, distress, and harm to

Plaintiffs, which also manifested in physical injuries to Plaintiff as set forth above, in an extreme, outrageous and harmful manner.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT VI**
**NEGLIGENT FAILURE TO RESCUE**

86.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

87.     The negligence and recklessness of Defendant Loyalsock in directly and proximately causing the injuries and damages to Plaintiffs described herein, include:

        a.      failing to take reasonable and necessary steps to rescue the Plaintiff after placing her in a position of harm;

        b.      failing to exercise reasonable and necessary steps to prevent further harm after rendering Plaintiff in danger of further harm;

        c.      failing to take reasonable and necessary steps to give aid or assistance to Plaintiff after rendering her in danger of further harm;

        d.      failing to take reasonable steps to obtain aid or assistance for the Plaintiff after rendering her in danger of further harm;

        e.      failing to take reasonable and necessary steps to prevent the delay in the appropriate care of Plaintiff; and

        f.      violation of the duties set forth in Restatement (Second) of Torts, Sections 314A & 322, as adopted in Pennsylvania.

88.     As a proximate and direct result of Defendant's breaches described in the preceding paragraph, Plaintiff sustained psychological and physical harms and injuries as described above.

89.     The aforementioned incidents resulted from the negligence, recklessness and/or intentional acts of Defendant Loyalsock and was due in no manner whatsoever to any act or failure to act on part of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT VII
## FAILURE TO WARN

90.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

91.     At all times material hereto, Defendant owed a duty to Plaintiff and the public to warn about Vassallo when it knew, or should have known, that Vassallo posed a risk to all persons and, in particular, to female students.

92.     Defendant breached its duty to warn that Vassallo posed a risk of harm. Defendant failed to exercise the reasonable care, skill, and diligence of an ordinarily prudent school district in warning students and the public of the risks posed by Vassallo.

93.     No negligence on the part of the Plaintiff contributed to the happening of the occurrence.

94.     Plaintiff's injuries and damages as recited herein, occurred directly and were proximately caused by Defendant's breach of duty to warn as described herein.

95.     As a direct and proximate result of Defendant's failure to warn the public and Plaintiff, Plaintiff suffered serious injury, has required medical care and attention; has suffered mental anguish, severe pain and agony as a result of the happening of the occurrence; and was otherwise injured and damaged, for which claim is made.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT VIII
## NEGLIGENCE *PER SE*

96.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

97.     Defendant knew, had knowledge, or had reasonable suspicion of harmful acts being committed by Kelli Vassallo on Plaintiff and/or Female Victim #1 and/or other students/individuals and negligently, recklessly and/or intentionally violated their statutory duty to report such abuse as required by Pennsylvania's Child Protective Services Law (PCPSL), 23 § 6311(a) and (b) *et seq*.

98.     Defendant knew, had knowledge, or had reasonable suspicion of harmful acts and/or other misconduct being committed by Kelli Vassallo on Plaintiff and/or Female Victim #1 and/or other students/individuals and negligently, recklessly, and/or intentionally violated their statutory duty to report such abuse as required by the Educator Discipline Act, 24 P.S. §§ 2070.1 *et seq.*

99.     Defendant's violations constitute negligence *per se* under Pennsylvania law.

100.     Defendant's negligent, reckless, and/or intentional failure to report such harmful acts allowed Kelli Vassallo to continually sexually abuse Plaintiff, causing continuing harm to Plaintiff and the injuries and damages described above.

101.     Such failure on part of Defendant was reckless, intentional, knowing, grossly negligent, deliberately and recklessly indifferent, outrageous, malicious, and/or was a reckless and conscious disregard for the safety of Plaintiff.

102.     Defendant's failures to report pursuant to their legal obligation under either Pennsylvania's Child Protective Services Law (PCPSL), 23 § 6311(a) and (b) *et seq*. and/or the Educator Discipline Act, 24 P.S. §§ 2070.1 *et seq.* proximately caused the harm to Plaintiff and the injuries and damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant Loyalsock in a sum more than Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

Dated: July 30, 2021

**LAFFEY, BUCCI & KENT, LLP**

BY: _____

BRIAN D. KENT, ESQ.
*Attorney for Plaintiff*