IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | No. 4:21-CV-01343 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LOYALSOCK TOWNSHIP SCHOOL DISTRICT, | |
| Defendant. | |

# ORDER

### APRIL 4, 2024

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jane Doe's Motion to Compel Inspection of ESI (Doc. 40) is **GRANTED**.

2. The case management discovery deadlines are amended as follows:

    a. Discovery deadline:          May 31, 2024

    b. Dispositive motions deadline:   June 28, 2024

3. Defendant Loyalsock Township School District's Motion for Extension of Discovery Deadlines (Doc. 49) is **DENIED AS MOOT**.

    4.    Information protected by the Federal Educational Rights and Privacy Act shall be treated as confidential under the Confidentiality Agreement approved by the Court (Doc. 20-2).

Pursuant to Federal Rule of Evidence 502(d), **IT IS FURTHER ORDERED** that if the forensic inspection conducted pursuant to this Order results in the disclosure of information that the District thereafter claims to be protected by the attorney-client or work product privilege, that disclosure will not constitute a waiver, in this or any other proceeding, of the privilege provided that the District notifies Doe of the disclosure of any privileged information within fourteen days of being provided the results of the forensic examination. If Doe wishes to contest any claim of privilege, she shall notify the District within one week. The parties shall confer and attempt to resolve the dispute within the following week prior to seeking Court intervention. To the extent that any such disputes must be resolved prior to the filing or resolution of dispositive motions, the parties shall notify the Court accordingly.

The failure to abide by the requirements of this Order and the Court's accompanying Memorandum Opinion may be considered a failure to take reasonable steps to rectify the disclosure of privileged information under Rule 502(b)(3).

This Order does not affect any other Agreement governing the protection of privileged or confidential information to which the parties have otherwise agreed,

nor does it apply to information disclosed by other means. This Order also does not impact the applicability of laws regarding privilege other than as discussed herein.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge