**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, | No. 4:21-CV-01343 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LOYALSOCK TOWNSHIP SCHOOL DISTRICT, | |
| Defendant. | |

**ORDER**

**JUNE 1, 2026**

**IT IS HEREBY ORDERED** that:

1. Plaintiff, Jane Doe's Motion for Spoilation Sanctions (Doc. 144) is

   **GRANTED IN PART** and **DENIED IN PART**;

   a.   The request for an adverse inference instruction is **DENIED**;

   b.   The request for reasonable attorneys' fees and costs incurred in connection with the Court-ordered forensic inspection and this motion practice is **DENIED WITHOUT PREJUDICE**. Plaintiff's may re-raise a motion to recover these costs after the conclusion of this trial. If they do so, they should provide a declaration and evidence of the reasonable costs attributable to this issue.

c.    The request for curative measures pursuant to Rule 37(e)(1) is **GRANTED**. These measures are as follows:

1.    Plaintiff will be permitted to introduce evidence of Defendant's failure to issue a litigation hold or preventative measures for relevant discovery materials and evidence of missing Electronically Stored Information if such evidence involved the destruction of evidence after August 12, 2021.[1]

2.    Evidence of missing Electronically Stored Information where alleged destruction took place before August 12, 2021 will not be permitted.

3.    The Defendant will be permitted to address these issues whenever raised by Plaintiff.

4.    Both parties will be permitted to discuss these issues during opening and closing statements.

5.    The parties will be prohibited from any reference to discovery disputes.

2.    In making determinations on this motion, the Court has found that spoilation has occurred, specifically with reference to the destruction of

---

[1]    This is the date that the District was served with Doe's Complaint.

2

documents and materials on Matthew Reitz's school issued devices in 2023.

3.    The Court believes these to be the least restrictive measures possible to cure the prejudice suffered by the spoilation. They are "no greater than necessary to cure the prejudice."[2]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[2]    Fed. R. Civ. P. 37(e)(1).

3